No. 23,788.

C. Bevan Oldfield, *Appellee*, v. John B. Phelps et al., *Appellants*.

### SYLLABUS BY THE COURT.

Injunction—*Enjoining Levy of Execution—Demurrer to Petition Properly Overruled.* The levy of an execution may be enjoined where it is issued on a judgment on which an execution had been previously issued under which land had been sold for the full amount of the judgment, interest, and costs, the sale had been confirmed, and a deed had been issued, and where there is nothing to show that the title of the purchaser failed or that the judgment creditor did not receive the proceeds of the sale.

Appeal from Finney district court; Charles E. Vance, judge. Opinion filed June 10, 1922. Affirmed.

*C. L. Marmon,* of Garden City, for the appellants.

*F. Dumont Smith,* of Hutchinson, *R. W. Hoskinson,* and *R. S. Field,* both of Garden City, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The defendants appeal from a judgment overruling their demurrer to the plaintiff's petition.

The petition alleged that on September 13, 1915, defendant John B. Phelps obtained a judgment against the plaintiff for $374; that execution was issued on that judgment and levied on real property which was sold under the execution to John B. Phelps for the full amount of the judgment, interest, and costs; that the sale was confirmed; that afterward, on January 7, 1920, a sheriff's deed therefor was issued to John B. Phelps. The petition also alleged that by reason of the execution, sale, and sheriff's deed, the judgment in favor of the defendant had been fully satisfied. The petition further

alleged that on January 7, 1921, defendants John B. Phelps and C. L. Marmon caused another execution to be issued on the judgment and placed in the hands of defendant Lee Richardson, sheriff of Finney county; that Lee Richardson was about to levy that execution upon a share of stock belonging to the plaintiff in the Garden City Land and Immigration Company; that the levy of the execution upon the stock would be illegal and wrongful; and that the plaintiff had no adequate remedy at law to prevent the sale of the stock. A permanent injunction was asked.

The judgment from which the appeal is taken reads:

"Now, on this 17th day of May, A. D. 1921, . . . the above case came on for hearing upon the demurrer of defendants to the petition of plaintiff filed herein. . . . Upon argument of counsel, and pending a ruling of the court in said matter, it was stipulated and agreed in open court that the same admissions and evidence adduced in the trial of the case of *John B. Phelps v. Geo. W. Finnup et al.,* would be admitted as the evidence in this action, in so far as same was applicable to the point in issue. The court being fully advised in the premises, overrules said demurrer.

"It is therefore, by the court considered, ordered, adjudged and decreed that the demurrer of the defendants to the petition of the plaintiff filed herein be overruled and the defendants electing to stand on the demurrer and excepting to the rulings of the court, said exceptions were duly allowed."

The action of *John B. Phelps v. Geo. W. Finnup et al.* was prosecuted by Phelps to recover possession of the land described in the sheriff's deed. He failed in that action. These facts are not stated in the petition and are not included in the stipulation set out in the judgment in this action.

Unless the admissions and evidence named in the judgment were made a part of the petition, they had no place in the hearing on the demurrer. There is nothing to show that they were made a part of the petition or that they were so considered. If they were not made a part of the petition, the trial court could not consider them on the demurrer, and this court should not do so now. The judgment indicates, but does not say, that only the petition was considered when the ruling on the demurrer was made. The defendants who appeal apparently did not consider the admission and evidence as a part of the petition because they are not abstracted, although a transcript of them has been filed in this court. The admissions contained in that transcript do not add anything to the petition in this action. The facts shown by the evidence set out in the transcript, if they had been pleaded in the petition, might compel a different judgment; but

the judgment should not be reversed until it affirmatively appears that those facts were considered the same as if they had been alleged. This action must be disposed of on the petition, as written, and the demurrer thereto.

The practice of simplifying matters in the courts in the trial of a lawsuit is to be commended; but, when it is sought to reverse the judgment of the trial court, matters must be placed in the record brought to this court to show that error was committed, or the judgment must be affirmed. There is nothing in the record presented to this court in this action to show that error was committed by the trial court.

The defendant argues that by setting aside a sheriff's sale of real property, the judgment under which the sale had been made would be reinstated. It may be conceded that the argument of the defendants on this proposition is correct, but that is not the case that is presented to this court. Here, there had been a sale of real property under execution; the sale had been confirmed; and a deed had been issued. There is nothing in the petition to show that the title of the purchaser failed or that the judgment creditor, John B. Phelps, did not receive the proceeds of the sale. So far as the petition is concerned, the purchaser acquired good title to the property. The purchase money was, under the law, applied in satisfaction of the judgment, and another execution cannot be lawfully issued on it.

The demurrer was properly overruled, and the judgment is affirmed.